GIBLIN, Associate Justice.
The trial of this cause resulted in a jury verdict based obviously on the finding that the appellee had wrongfully converted a diamond ring which had been entrusted to him as consignee and bailee. By the order appealed from the trial judge set the verdict aside and granted a new trial, assigning as his reason that it appeared “from the evidence that the defendant was unable to deliver the property because the same was stolen from him,” and that, therefore, the action “should have been in case for the bai-lee’s neglect.”
We think the able trial judge was in error because there was ample evidence to justify the jury’s conclusion that there was a conversion before the theft. There was evidence (to which the jury gave credence) that the ring was consigned for a limited period of four days and that, after the expiration of such period and before the theft, the consignor had demanded the return of the ring and the appellee had failed to accede to the demand.
It is our judgment, therefore, that by the challenged order the trial judge erroneously invaded the jury’s province and that the order should be reversed and the court below directed to reinstate the final judgment predicated on the verdict.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.